MOORE, Judge,
dissenting.
The undisputed facts in the record show that R.C. (“the mother”), while married to M.H. (“the presumed father”), gave birth to A.C.B. (“the child”). See Ala.Code 1975, § 26-17-204(a)(l) (“A man is presumed to be the father of a child if ... he and the mother of the child are married to each other and the child is born during the marriage.”). The Talladega County Department of Human Resources (“DHR”) filed a petition in the Talladega Juvenile Court (“the juvenile court”) to terminate the parental rights of the presumed father and the mother to the child. At a hearing on the petition, the presumed father consented to the entry of a judgment terminating his parental rights. On January 17, 2014, the juvenile court entered a judgment terminating the parental rights of the presumed father and the mother and awarding DHR custody of the child. The presumed father did not timely appeal from that judgment, although he did later file petitions to modify the judgment.
Subsequently, L.R.B. (“the alleged biological father”) filed two separate complaints seeking to establish his paternity of the child and to gain custody of the child. Section 26-17-607(a), Ala.Code 1975, provides that, “[i]f the presumed father persists in his status as the legal father of a child, neither the mother nor any other individual may maintain an action to disprove paternity.” Caselaw holds that a court must afford a party contesting paternity an evidentiary hearing in order to determine whether the presumed father “persists in his status as the legal father of the child.” See J.O.J. v. R.R., 895 So.2d 386, 340 (Ala.Civ.App.2004) (instructing trial court in a case applying the holding in Ex parte Presse, 554 So.2d 406 (Ala.1989), to hold a hearing on remand to determine whether, before his death, mother’s husband “did or did not persist in his presumption of paternity”). The juvenile court conducted an evidentiary hearing. Based on the evidence presented at that hearing, the juvenile court found that the presumed father had persisted in his claim *928 of paternity. Based on that finding, the juvenile court dismissed the complaints filed by the alleged biological father because he lacked standing. The alleged biological father now appeals.
Section 26-17-607(a) does not allow a man to contest the paternity of a presumed father who “persists in his status as the legal father of a child.” “Persist” generally means “to take a stand, stand firm,” “to go on. resolutely or stubbornly in spite of opposition, importunity, or warning,” or “to remain unchanged or fixed in a specified character, condition, or position.” Merriam-Webster’s Collegiate Dictionary 924 (11th ed.2003). A presumed father “persists” in his presumption of paternity when he actively and consistently claims his rights and performs his legal responsibilities as a legal father of a child. By definition, when a presumed father who had previously acted as a father to a child disclaims his rights as a legal father, the presumed father no longer “persists” in his status as the legal father of the child. “Once the presumed father ceases to persist in his parentage, then an action can be brought.” Alabama Comment to § 26-17-607.
Under Alabama law, the termination of parental rights does not sever the legal parent-child relationship, but it does-eliminate all rights a parent has to a child. Ex parte M.D.C., 39 So.3d 1117 (Ala.2009). Those rights include the right to association and visitation, the right to consent to the adoption of the child, the right to determine religious affiliation, the right to determine the residence of the child, and the right to educate and rear the child. Id. at 1121. Section 26-17-203, Ala.Code 1975, provides, in pertinent part, that, “[u]nless parental rights are terminated, a parent-child relationship established under [the Alabama Uniform Parentage Act] applies for all purposes....” In my opinion, the legislature intended that.a presumed father who voluntarily agrees to surrender his parental rights to a child no longer retains the right under the Alabama Uniform Parentage Act, § 26-17-101 et seq., AlaUode 1975, to “persist in his status as the legal father of the child.” § 26-17-607(a). To the contrary, a presumed father who disavows his parental rights in such a fashion necessarily “ceases to persist in his parentage.” Alabama Comment to § 26-17-607.
Section 26-17-607(a) is based on Ex parte Presse, 554 So.2d 406 (Ala.1989).
“[In Ex parte Presse, t]he supreme court held that the 1984 Alabama Uniform Parentage Act, specifically former § 26—17—6(c), Ala,Code 1975, did not grant to anyone standing to contest the paternity of a presumed father who had not disavowed his paternity but who, instead, had remained steadfastly committed to fulfilling his duties as the legal father of the child, 554 So,2d at 412-13.” ' ,
J.O.J. v. R.M., 205 So.3d 726, 734 (Ala.Civ.App.2015). (Moore, J., dissenting). Section 26-17-607 “is designed to maintain the stability of a child’s existing familial relationship with his or her presumed father.” Id. at 734. When a presumed father voluntarily waives his parental rights to his child and consents to the entry of a judgment terminating his parental rights, thereby withdrawing his presence and care from the child, none of the principled justifications underlying the holding in Ex parte Presse remain to prevent another man from maintaining an action to disprove-the paternity of the presumed-father, The paternity action would not threaten any stable custodial situation between the child and the presumed father because that custodial situation no longer exists. On the other hand, by allowing the paternity action, the: law would permit another, willing man to prove his paternity so as to provide a legal father to the child. *929 Section 26-17-607 was not intended by the legislature to apply in the circumstances present in this case.
In this case, the juvenile court concluded that the presumed father persisted in his status as the legal father of the. child. However, the undisputed facts show that the presumed father consented to the termination of his parental rights to the child. At that point, the presumed father ceased to persist in his status as the legal father of the child and, in doing so, voluntarily agreed that he would not interfere in the further custodial disposition of the child. The presumed father did not retain any residual right to claim or to persist in his status as the legal father of the child so as to prevent the alleged biological father from pursuing a paternity action. The alleged biological father conclusively proved that the presumed father was no longer persisting in his status as the legal father of the child so that the- alleged biological father had standing to maintain the paternity and custody actions. The juvenile court erred in dismissing the complaints. Because the main opinion concludes otherwise, I respectfully dissent.
DONALDSON, J., concurs.